**TRENK, DiPASQUALE,
DELLA FERA & SODONO, P.C.**
427 Riverview Plaza
Trenton, NJ 08611
Andrea Dobin, Esq.
Sam Della Fera, Jr., Esq.
Joshua H. Raymond, Esq.
*Counsel to Thomas J. Orr,
Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

----------------------------------------------------------- x
:    Chapter 7
In re:                                                      :    Case No. 14-16484-CMG
                                                            :
MEE APPAREL LLC and MEE DIRECT LLC,   :    Jointly Administered
                                                            :
        Reorganized Debtors.                   :    **Hearing Date: July 18, 2017 at 10:00 a.m. (ET)**
                                                            :    **Response Date: July 11, 2017 at 4:00 p.m. (ET)**
                                                            :
                                                            :    (Oral argument waived unless a response is
                                                            :    filed.)
                                                            :
----------------------------------------------------------- x

**TRUSTEE'S FIRST OMNIBUS MOTION OBJECTING TO EMPLOYEE CLAIMS
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007**

> **THIS MOTION SEEKS TO RECLASSIFY, REDUCE, DISALLOW
> AND/OR EXPUNGE CERTAIN CLAIMS. PARTIES RECEIVING THIS
> NOTICE SHOULD REVIEW THE MOTION AND LOCATE THEIR
> NAMES AND DISPUTED CLAIMS IDENTIFIED ON THE EXHIBITS TO
> THE DECLARATION OF WILLIAM M. KNELLER ATTACHED TO THE MOTION.
> YOUR CLAIM(S) MAY BE LOCATED ON MORE THAN ONE EXHIBIT**

TO:    THE HONORABLE CHRISTINE M. GRAVELLE
       UNITED STATES BANKRUPTCY JUDGE

Thomas J. Orr, Chapter 7 Trustee (the "Trustee") for MEE Apparel, LLC and MEE Direct, LLC (the "Debtors"), through his attorneys, Trenk, DiPasquale, Della Fera & Sodono, P.C., submits this omnibus motion objecting to the allowance of each of the claims (collectively, the "Disputed Claims") listed on Exhibit A, B and C to the proposed form of order (the "Proposed Order") submitted herewith, and respectfully requests entry of the Proposed Order,

1

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), reclassifying, reducing, disallowing, and/or expunging each of the Disputed Claims. In support of this Objection, the Trustee relies on the Declaration of William M. Kneller in Support of the Omnibus Motion Objecting to Claims Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007, filed on the date hereof, and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT BACKGROUND

### Procedural History

3. On April 2, 2014 (the "Petition Date"), the Debtors each filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4. On April 4, 2014, the Court entered an Order granting the Debtors' motion for joint administration such that the entirety of the Debtors' proceedings would all be docketed in the lead case bearing Docket No. 14-16484. [Docket No. 16].

5. A detailed description of the Debtors' business and the facts precipitating the filing of their chapter 11 cases are set forth in the *Affidavit of Jeffrey L. Gregg in support of Debtors' "First Day Motions."* [Docket No. 18].

6. On April 29, 2014, the Debtors each filed schedules of assets and liabilities [Docket Nos. 161 (Case No. 14-16484), 31 (Case No. 14-16486), respectively] (as amended, the

2

"Schedules"). On May 28, 2014, the Debtors each filed an amendment to their Schedules [Docket Nos. 239 (Case No. 14-16484), 35 (Case No. 14-16486), respectively].

7. The deadline set by the Court [Docket No. 77] for all parties (other than governmental units) to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date (other than claims pursuant to section 503(b)(9) of the Bankruptcy Code) was July 29, 2014, at 5:00 p.m., and the deadline for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim against the Debtors was September 29, 2014, at 5:00 p.m. (the "Governmental Bar Date").

8. On February 11, 2016, the Court entered a Consent Order: (i) Converting Cases to Chapter 7; (ii) Approving the Resignation of the Plan Administrator; (iii) Approving the Plan Administrator Payment.

9. Thereafter, also on February 11, 2016, Thomas J. Orr was appointed as Chapter 7 Trustee for the Debtors.

10. On June 8, 2016, the Court entered an Order Authorizing Docketing of First Meeting Minutes in Absence of a First Meeting and Setting Bar Date for Filing Claims. [Docket No. 576].

11. The deadline set by the Court for all parties to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was extended until September 9, 2016 (the "Final Bar Date").

12. On or before June 15, 2016, Prime Clerk, LLC, the Trustee's duly retained noticing agent who also served as the noticing and claims agent for the Debtor during the Chapter 11 proceeding, served notice of the Final Bar Date along with a proof of claim form. An affidavit of service was filed thereafter on June 16, 2016 [Docket No. 581].

3

**Employee Severance Rights**

13. The Debtor's Employee Handbook states, in relevant part, that:

> An employee terminated without cause, as determined in the sole and absolute discretion of MEE, is eligible to receive severance payments of one (1) week base pay for each twelve (12) month period of employment at MEE. Pro-rated payments are not provided for partial years.

14. Accordingly, the 12-month period and the partial year issue are personal as to each employee and dependent on their individual start and termination dates.

15. Regardless of the bankruptcy, if an employee started work on January 1, 2012 and was terminated without cause on December 1, 2012, they would be entitled to no severance under the Handbook. If someone started work on January 1, 2012 and was terminated without cause on March 1, 2013, they would be entitled to 1 week of severance for January 1, 2012 through January 1, 2013, but nothing for January 2, 2013 through March 1, 2013. In other words, severance pay accrues yearly, not daily or over another period of time.

16. Pursuant to 11 U.S.C. § 507(a)(4) severance is "earned" when it is accrued. Thus, it is earned on each employee's yearly anniversary.

17. If an employee's work anniversary occurs on or after October 4, 2013 (180 days prior to the Petition Date), that employee is entitled to one week of severance with priority status. The remainder of the employee's severance constitutes a general unsecured claim.

## RELIEF REQUESTED AND BASIS THEREFOR

18. By this Motion, the Trustee respectfully requests entry of the proposed Order, pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007, modifying, reducing, disallowing, and/or expunging each of the Disputed Claims listed on Exhibits A, B, and C to the Proposed Order, for the reasons set forth below and in the relevant Exhibit to the Proposed Order.

19.     A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Where an objector refutes at least one of the claim's essential allegations, "the burden reverts to the claimant to prove the validity of the claim by preponderance of the evidence." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 174 (3d Cir. 1992)).

A.      **Modified Amount Claims**

20.     The Trustee has reconciled each of the proofs of claim listed under the column titled "*Claim #*" on **Exhibit A** to the Declaration of William M. Kneller (together, the "Modified Amount Claims") against Debtors' books and records. Certain claimants asserting Modified Amount Claims asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records, while other claimants asserted an amount that was lower than the amount reflected in the Debtors' books and records. Consequently, the Trustee believes that the amount of each Modified Amount Claim should be modified by reducing and/or fixing, as relevant, the amount of such claim to the dollar value listed under the column titled "Modified Amount" on **Exhibit A**.

21.     Furthermore, a portion of certain of the Modified Amount Claims is attributable to retention bonuses ("Retention Bonuses") that were to be paid by a joint venture between Hilco Merchant Resources, LLC ("Hilco") and Gordon Brothers Retail Partners, LLC to certain of the Debtors' employees in connection with going out of business sales at certain of the Debtors' retail stores and pursuant to the Agency Agreement, dated November 20, 2013, by and between MEE Direct LLC and Hilco and a letter agreement, dated May 30, 2014, by and among MEE Direct, LLC, Hilco and Suchman, LLC. After the Petition Date, Hilco attempted to make payments to certain holders of Modified Amount Claims in the amounts set forth in the column titled "Hilco Undeliverable" on **Exhibit A**. Though Hilco attempted to make certain

5

distributions the amounts set forth in column titled "Hilco Undeliverable" were either not received by the employee or the checks were never cashed.

22. The Trustee believes that the amount set forth in the column titled "Priority Due" on **Exhibit A** contains the appropriate amount of liability for the Modified Amount Claims pursuant to the Debtors' books and records and taking into account the Retention Bonuses paid by or attempted to be paid by Hilco.

23. Failure to modify the Modified Amount Claims as set forth herein will result in certain claimants receiving an unwarranted recovery against the Debtors' estates and other claimants not obtaining the recovery to which they are entitled.

24. Accordingly, the Trustee hereby objects to the Modified Amount Claims and requests entry of an order reducing and/or expunging, as relevant, the value of the Modified Amount Claims to the amount set forth in the column titled "Priority Due" on **Exhibit A**.

B. **Satisfied Claims**

25. Based on the Trustee's review of the Debtor's books and records and the representations of Hilco, the scheduled claims listed on **Exhibit B** to the Declaration of William M. Kneller (the "Satisfied Claims") were fully satisfied by Hilco during the pendency of these chapter 11 cases. Failure to expunge the Satisfied Claims as set forth herein will result in certain claimants receiving an unwarranted recovery against the Debtors' estates and other claimants not obtaining the recovery to which they are entitled.

26. Accordingly, the Trustee requests that the Court disallow and expunge the Satisfied Claims in their entirety as set forth on **Exhibit B**.

27. Each Satisfied Claim shall be disallowed, expunged and fixed in the amount of $0.00 as indicated under the column titled "Treatment."

6

C. **Duplicate Claims**

28. The Trustee have reconciled each of the proofs of claim listed under the column titled "*Claim #s*" on **Exhibit C** to the Declaration of William M. Kneller (the "Duplicate Claim").

29. The Claims listed on **Exhibit C** (i) have been amended and superseded by subsequently filed proofs of claim identified under the column title "Surviving Claim" or (ii) are duplicates of other claims filed by or on behalf of the same claimant Duplicate Claim, presented on **Exhibit C**.

30. The claimant asserting the Duplicate Claim, perhaps erroneously filed the same proof of claim for the same amount or liability more than once. The Trustee objects to the Duplicate Claim because the estate should not be required to pay a claimant twice on the same obligation or debt. Elimination of the Duplicate Claim will ensure that the Claims Register accurately and concisely reflects the claims asserted against the Debtors.

31. The Trustee therefore objects to the allowance of the Duplicate Claim and respectfully request that the Duplicate Claim under the column heading "Duplicate Claim to be Disallowed" be disallowed in its entirety. The relief will: (i) prevent the holder of the Duplicate Claim from obtaining a double recovery on account of any single obligation, and (ii) limit such claimants to a single claim for those amounts currently asserted by the claimant. The relief is necessary to prevent the allowance of claims that, by their nature, have been duplicated and/or superseded, yet remain on the Claims Register.

32. If the Trustee's objection to the Duplicate Claim is sustained, the claim listed under the column heading "Surviving Claim" will remain on the Claims Register, subject to the

7

Trustee's treatment of the Surviving Claim as set forth on **Exhibit C** to the Proposed Order. The claimant holding a Duplicate Claim will suffer no prejudice by having such claim disallowed.

## WAIVER OF BRIEF

33.	As no novel issue of law is raised by this Objection and the relevant authorities relied upon are set forth herein, the Trustee respectfully submits that no separate memorandum of law is necessary pursuant to D.N.J. LBR 9013-1.

## RESERVATION OF RIGHTS

34.	The Trustee expressly reserves any and all rights to amend, modify or supplement this Objection, the Proposed Order and the exhibits attached thereto and to file additional objections to any and all claims (filed or scheduled) that have been or may be asserted against the Debtors. The Trustee also reserves any and all rights of the Debtors and their estates, including, without limitation, claims and defenses with respect to any and all claims, and nothing included in or omitted from this Objection, the Proposed Order or the exhibits attached thereto is intended or shall be deemed to impair, prejudice waive or otherwise affect any rights, claims or defenses of the Trustee, the Debtors or their estates with respect to the claims.

## NOTICE

Notice of this Objection has been given to (i) the holders of the Modified Amount Claims, Satisfied Claims, and Duplicated Claim; (ii) the Office of the United States Trustee for the District of New Jersey; and (iii) all parties receiving electronic filing notifications in this case via the Court's CM/ECF system. In light of the nature of the relief requested herein, the Trustee respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Objection is required. Finally, notice is made pursuant to the Order Limiting Notice of Motions to Reduce, Expunge and/or Modify Claims entered by the Court on June 5, 2017 [Doc No. 606].

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Date: June 8, 2017

                                                **TRENK, DiPASQUALE,
DELLA FERA & SODONO, P.C.**
*Counsel to Thomas J. Orr,
Chapter 7 Trustee*

By: /s/ Joshua H. Raymond
      JOSHUA H. RAYMOND

4824-6278-5856, v. 1

9